## Newbold Estate

*Roland C. Heisler*, for accountants.
*William Carson Bodine*, for trustees.
*Harry L. Rossi*, guardian and trustee ad litem.

SHOYER, J., March 29, 1962.—This trust arises under the deed of trust dated October 1, 1920, of Mary Dickinson Newbold, later Yerzy, whereby settlor transferred her therein scheduled assets to her trustees, in trust, to pay to her, for life, the net income therefrom, and upon her death to distribute the principal to such persons as she by her last will might appoint and, in default of appointment, to those who would take under the intestate laws of Pennsylvania had she then died unmarried, intestate, and possessed thereof.

The fund being here accounted for was awarded by the adjudication of Judge Ladner, dated April 19, 1949, to the accountants in further trust for the benefit of settlor.

This account was filed because of the death of Mary Dickinson Newbold Yerzy, settlor life-tenant, on December 29, 1959. She left a will and codicil, upon which letters testamentary were issued by the probate court for the district of Ridgefield, Fairfield County, Connecticut, to Clement B. Newbold, Jr., executor.

By her will, testatrix directed her trustees under her deed of trust to pay to her executor an amount sufficient to pay all Federal and State inheritance taxes, and then divided the remainder of her inter-vivos trust

into three equal parts. One part she devised to Clement B. Newbold and John S. Newbold, in trust, to pay the income to her husband, David M. Yerzy, for life, and upon his death to add that share of principal to the other two parts. The second part she devised to Stephen D. Colhoun and Harold d'O. Baker, in trust, to pay the income therefrom to her son, Stephen D. Colhoun, during the lifetime of the survivor of four persons there specified and 21 years thereafter, with disposition of the income and principal to his descendants; and gave the third part to Richard N. Colhoun and Clement B. Newbold, in trust, to pay the income therefrom to her son, Richard N. Colhoun, for the term and upon conditions and estates similar to the second part . . .

Stephen D. Colhoun and Harold d'O. Baker, trustees of the trust appointed for the benefit of Stephen D. Colhoun and his issue, have filed a petition to remove the situs of that trust to Connecticut. The petition recites, inter alia, that Ridgefield, Connecticut, was the domicile of the settlor-decedent, and that Connecticut is also the residence of Stephen D. Colhoun, life-tenant and co-trustee, and of his three minor children, and that it would be more *convenient* if the situs of the trust was removed to that State. The petition further recites that the probate court of the district of Ridgefield, Connecticut, approved the petitioners as trustees; that all of the parties interested in this trust, including the guardian-trustee ad litem, have notice of this petition and have consented thereto, as indicated by their consents thereto annexed. Also annexed is the exemplified copy of the decree of the probate court of the district of Ridgefield, Connecticut, indicating that the trustees have there filed their acceptance of the trust and the approval of said trustees by that court.

Section 309 of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.309, provides:

"A court having jurisdiction of a testamentary or inter vivos trust, on application of a trustee or of any party in interest, after such notice to all parties in interest as it shall direct . . . after such accounting and such provision to insure the proper payment of all taxes to the Commonwealth and any political subdivision thereof as the court shall require, may direct . . . that the situs of the trust shall be changed to any other place . . . if the court shall find the change necessary or desirable for the proper administration of the trust. Upon such change of situs becoming effective by the assumption of jurisdiction by another court, the jurisdiction of the court as to the trust shall cease and thereupon the situs of the trust for all purposes shall be as directed by the court."

The statutory requirements for change of situs appear to have here been fully met. Not only do all parties have notice, but they have consented to the removal of the situs. Insofar as the Pennsylvania inheritance tax is concerned, no claim was presented on behalf of the Commonwealth, and the statement of proposed distribution recites that settlor died a resident of Connecticut, which State has reciprocity with our Commonwealth in similar matters. Nor have any claims been presented for other taxes by any political subdivision of the Commonwealth. Since the primary beneficiary and co-trustee resides in Connecticut with his children who are the contingent remaindermen, it is readily apparent as to why, from their viewpoint, it is desirable for the proper administration of the trust to have its situs removed to that state. While it is conceivable that the trust may later come back to this jurisdiction if it should turn out that Stephen and his issue do not survive the termination of the trust, the likelihood thereof is too remote to prevent the removal of the situs at this time. The difficulties encountered by the official examiners appointed by

this court in making examination of trust assets in the hands of out-of-State trustees, especially individual trustees, make it desirable from an administrative standpoint to remove the situs to the court which has assumed jurisdiction over the trustees. The award will, therefore, be made accordingly . . .

And now, March 29, 1962, the account is confirmed nisi.